IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

MICHAEL S. GORBEY,

    Plaintiff,

V.                                                           CIVIL ACTION NO. 2:09-0313

UNITED STATES OF AMERICA,
CONGRESS, U. S. DEPARTMENT
OF JUSTICE, and FEDERAL JUDGE
IRENE M. KEELEY,

    Defendants.

**FINDINGS AND RECOMMENDATION**

In this action, presumably filed as a Bivens action[1] by Michael S. Gorbey, an inmate at the United States Penitentiary in Terra Haute, Indiana, he names as defendants the Honorable Irene M. Keeley, United States District Judge for the Northern District of West Virginia, the United States of America, Congress and the United States Department of Justice. While not entirely clear, his complaint, as it relates to Judge Keeley, appears to stem from an order remanding him to the custody of the United States Marshal following his trial and acquittal, by jury, on felon in possession charges. Records of the United States District Court from the Northern District of West Virginia in Criminal No. 1:05CR49 reflect entry of an order by Judge Keeley on January 24, 2006 in which she recites the not guilty verdicts returned January 23, 2006

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

and the fact that "she had remanded defendant to the custody of the United States Marshal."[2] Plaintiff asserts that "Judge Keeley's actions were 'intentionally' unlawful" and resulted in his incarceration on fugitive charges from the State of Virginia which "had been priorly dismissed (four) other times" and which were ultimately dismissed after he filed a petition for writ of habeas corpus in the Circuit Court of Doddridge County. The basis for plaintiff's claims against the remaining defendants is less clear. Insofar as the Court can determine the only mention in the complaint of matters beyond his allegations with respect to Judge Keeley is a reference to personal notification of several named members of Congress concerning his situation.

      The case is presently pending before the Court on application and affidavit of plaintiff seeking leave to proceed in forma pauperis under the provisions of 28 U.S.C. § 1915. Examination of the application and affidavit establishes that plaintiff is indigent and entitled to proceed herein without prepayment of fees. As a consequence of the fact that he proceeds in forma pauperis, and in accordance with the requirements of 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss the case if it determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."[3] Examination of the complaint satisfies the Court that, for all of these reasons, dismissal is required in this case.

---

[2] In the complaint, plaintiff states that he was remanded to the custody of the Marshal "on or about January 23, 2006."

[3] Plaintiff seeks monetary damages and what he characterizes as "injunctive relief," i.e., that Judge Keeley "be removed from the bench." There is no basis for such relief in the complaint, and this Court is without authority to grant it.

2

Judge Keeley is, of course, immune from liability for monetary damages for acts committed within her judicial jurisdiction,[4] a jurisdiction which clearly encompasses her order remanding plaintiff to the custody of the United States Marshal. It is also apparent from the complaint that plaintiff's claims against Judge Keeley are barred by the statute of limitations. "As with § 1983 actions, for purposes of the statute of limitations, Bivens actions are considered personal injury claims and are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred." Smith v. Bledsoe, No. 7:06-CV-00698, 2007 WL 152117, at *2 (E.D. Va. Jan. 16, 2007) (citing, Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983)).[5] In West Virginia the statute of limitations for personal injury claims and the statute applicable to § 1983 and Bivens actions is two years. Roberts v. Wood County Commission, 782 F.Supp. 45, 46 (S.D. W.Va. 1992).[6] Moreover, as plaintiff makes plain in his complaint, at the time he was remanded to the custody of the Marshal he was aware of the "facts" on which he bases his claim against Judge Keeley and the "harm" he alleges resulted from the remand. His cause of action, accordingly, accrued at that time.[7] More than three years had elapsed, however, when he filed the complaint, well beyond the two year statute of limitations.

---

[4] Pierson v. Ray, 386 U.S. 547, 554 (1967). Immunities developed in § 1983 actions apply also in Bivens actions. Butz v. Economou, 438 U.S. 478, 500-01 (1978).

[5] See also, Reinbold v. Evers, 187 F.3d 348, 359 n. 10 (4th Cir. 1999); Sakwa v. Aronica, No. 92-2069, 1993 WL 165297, at *1 (4th Cir. May 18, 1993).

[6] See also, McCausland v. Mason County Board of Education, 649 F.2d 278, 279 (4th Cir. 1981).

[7] Nasim v. Maryland House of Correction, 64 F.3d 951, 955 (4th Cir. 1995).

As noted, the basis for plaintiff's "claims" against the remaining defendants is not apparent from the complaint, and he clearly has not stated a claim against the United States, Congress or the United States Department of Justice. It is also true, of course, that sovereign immunity bars suit and that suit under Bivens lies against federal officials, not the United States or its agencies. Federal Deposit Insurance Corporation v. Meyer, 510 U.S. 471, 484-86 (1994).[8]

## RECOMMENDATION

In light of the foregoing, it is **RESPECTFULLY RECOMMENDED** that plaintiff's application to proceed in forma pauperis be granted and that his complaint and this action be dismissed, with prejudice.

Plaintiff is hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge, and that, in accordance with the provisions of Rule 72(b), Federal Rules of Civil Procedure, he may, within thirteen days from the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of the Court identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. § 636(b) and plaintiff is advised

---

[8] The doctrine of sovereign immunity would similarly bar suit against Congress. Ray v. United States Senate, No. 89-2120, 1989 WL 156929 (4th Cir. Dec. 22, 1989); Keener v. Congress of the United States, 467 F.2d 952 (5th Cir. 1972).

that failure to file timely objections will result in a waiver of his right to appeal from a judgment of the district court based on such Findings and Recommendation.

The Clerk is directed to file these Findings and Recommendation and mail a copy of the same to plaintiff.

DATED: June 12, 2009

*/s/ Maurice G. Taylor, Jr.*
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE