UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MICHAEL S. GORBEY,

        Plaintiff,

v.                                    CIVIL ACTION NO. 2:09-cv-00313

UNITED STATES OF AMERICA,
CONGRESS, U. S. DEPARTMENT
OF JUSTICE, and FEDERAL JUDGE
IRENE M. KEELEY,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**I.    Introduction**

Pending before this court is the plaintiff Michael Gorbey's application to proceed *in forma pauperis* [Docket 7]. Mr. Gorbey filed an action in this court in March 2009, presumably pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), against United States District Judge Irene Keeley, the United States of America, Congress, and the United States Department of Justice. He bases his suit on the allegations that Judge Keeley remanded him to custody of the United States Marshal following his trial and acquittal in the Northern District of West Virginia, and that in doing so, she "made an 'illegal' and 'unjustified' administrative order." (Claim of Civil Action Compl. p. 3.) He further asserts that Judge Keeley's actions were "'intentionally' unlawful" and "set[] a bad example" for state police because the police "did again re-arrest Mr. Gorbey (2) other times 'after' Judge Keeley had done this to him." (*Id.* at

1

p. 3-4).

This matter was referred to the Honorable Maurice G. Taylor on March 30, 2009, for total pretrial management and submission of proposed findings of fact and recommendations for disposition. On June 12, 2009, Judge Taylor submitted proposed findings and made various recommendations regarding Mr. Gorbey's application to proceed *in forma pauperis* and the disposition of the underlying action. On June 22, 2009, the plaintiff filed timely objections to the proposed findings and recommendations ("PF&R").

The court has reviewed *de novo* those portions of the PF&R to which the plaintiff objects. For reasons set forth below, the court **ADOPTS** the Magistrate Judge's proposed findings. The plaintiff's application to proceed *in forma pauperis* [Docket 7] is **GRANTED**, but the "Claim of Civil Action Complaint" [Docket 1] is **DISMISSED** with prejudice.

**II.   Discussion**

In order for a plaintiff to proceed *in forma pauperis*, he or she must submit an affidavit that lists all of his or her assets and states that he or she is unable to pay the applicable court filing fees. *See* 28 U.S.C. § 1915(a)(1). In addition, a prisoner seeking a fee waiver under § 1915(a) "shall submit a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint . . . ." *Id.* at § 1915(a)(2). It appears from the record that Mr. Gorbey complied with the requirements of § 1915(a) and is thus entitled to proceed herein without prepayment of fees.

However, Mr. Gorbey is also subject to the requirement of 28 U.S.C. § 1915(e)(2)(B), which provides that a court shall dismiss a case in which the plaintiff is proceeding *in forma pauperis* if

the court determines that the suit "is frivolous," "fails to state a claim upon which relief can be granted," or "seeks monetary relief against a defendant who is immune from such relief." I agree with Judge Taylor that this case is frivolous, fails to state a claim, and also seeks monetary relief against someone who is immune from such relief.

First, Judge Keeley is immune from liability for money damages for acts committed within her judicial discretion. *Hogan v. James*, 486 F.2d 1399, 1399 (4th Cir. 1973); *see also Butz v. Economou*, 438 U.S. 478, 500-01 (1978) (holding that immunities developed in § 1983 actions apply in *Bivens* actions). That discretion clearly encompasses her order remanding Mr. Gorbey to the custody of the U.S. Marshal. Second, the suit is frivolous and fails to state a claim against the remaining defendants. In his objections to the PF&R, Mr. Gorbey attempts to bind the federal government and Congress to the actions of Judge Keeley, stating that they are "responsible for the 'illegal' acts committed by" her, and comparing the government to a corporation, of which Judge Keeley is an agent. (Pet'r Objections Mot. Defer Ct.'s Recommendation 3). There is simply no legal basis for this argument. Furthermore, "*Bivens* does not allow for recovery of money damages, or suits in general, against the government itself." *Reinbold v. Evans*, 187 F.3d 348, 355 n.7 (4th Cir. 1999).

### III.   Conclusion

For the reasons set forth above, Mr. Gorbey's application to proceed *in forma pauperis* [Docket 7] is **GRANTED**, but the "Claim of Civil Action Complaint" [Docket 1] is **DISMISSED** with prejudice. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        September 30, 2009

Joseph R. Goodwin, Chief Judge